UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
22-cr-10279-AK

UNITED STATES OF AMERICA

v.

JIN HUA ZHANG, et al.

## INITIAL STATUS REPORT

December 13, 2022

KELLEY, U.S.M.J.

Defendants had an initial status conference scheduled for December 13, 2022. The parties filed a joint status report asking that the case be continued for an interim status conference. The court enters the following report and order.

    A.    The government has provided automatic discovery to defendants. Defendants are reviewing the discovery. It is premature at this time to set a schedule for requests for discovery by defendants.

    B.    In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful.

    C.    It is too early to set a date for the filing of any dispositive motions.

    D.    The parties will set dates for the disclosure of expert discovery at a future hearing.

    E.    One defendant, Quinliang Chen, had his initial appearance on December 7, 2022. Time was not excluded for Mr. Chen under the Speedy Trial Act from December 7 until December 13, 2022, but the court will exclude that time now. With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendants for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) the Clerk of this Court enter excludable time for the period of December 7, 2022, to February 21, 2023, for defendant Quinliang Chen, and from December 13, 2022, through February 21, 2023 for all other defendants, under the Speedy Trial Act.[1]

**G. An Interim Status Conference is scheduled for February 21, 2023, at 11:00 a.m.**

    / s / Page Kelley
PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).